**Daniel Snyder, OSB No. 783856**
dansnyder@lawofficeofdanielsnyder.com
**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249

Of Attorneys for the plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ROBERT ANDRADE,** | Case No. 3:21-cv-860 |
| Plaintiff, | **COMPLAINT** |
| v. | UNLAWFUL EMPLOYMENT ACTION |
| | Americans with Disabilities Act |
| **SCHNITZER STEEL INDUSTRIES, INC.**, an Oregon Corporation; **CASCADE STEEL ROLLING MILLS, INC.**, an Oregon Corporation, and **DIANA ZOLOTKO,** | Discrimination, Retaliation; and supplemental state law claims |
| | **JURY TRIAL DEMANDED** |
| Defendants. | |

## I.   PRELIMINARY STATEMENT

1.   This is an action for damages and equitable relief, including compensatory damages, back pay, front pay, and attorneys' fees and costs to redress violation of Title I of the Americans with Disabilities Act, and Oregon state laws regarding Unlawful Employment Practices.

PAGE 1 – COMPLAINT AND DEMAND FOR JURY TRIAL

## II.  JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, federal question jurisdiction, and 28 U.S.C. §1343, civil rights jurisdiction.

3. Plaintiff requests this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to all causes of action based on Oregon statutory provisions or common law as the state claims arise from the same nucleus of operative facts as the federal claims.

4. All preconditions to jurisdiction pursuant to 42 U.S.C. §2000e-5 have been satisfied.

   a. On or about December 28, 2020, a perfected administrative complaint was filed with the Oregon Bureau of Labor and Industries (BOLI). BOLI filed administrative charges under case number DPEMDP200903-41423 for violation of Oregon Unlawful Employment Practices.

   b. On or about December 23, 2020, BOLI co-filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) Charge No. 38D-2021-00189C for violation of the Americans with Disabilities Act (ADA).

   c. On or about April 13, 2021, BOLI issued Plaintiff a letter notifying Plaintiff of the right to file a civil suit.

   d. On April 27, 2021, the EEOC issued a Notice of Suit Rights to Plaintiff.

   e. This lawsuit was filed within 90 days of the April 13, 2021 BOLI notice of suit rights.

5. Plaintiff's claims under Oregon law are timely filed. On February 25, 2021,

PAGE 2 – COMPLAINT AND DEMAND FOR JURY TRIAL

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Governor Kate Brown issued Executive Order No. 21-04, which is the sixth extension of Executive Order No. 20-03 and the COVID-19 State of Emergency since her original order declaring an emergency of March 8, 2020.

6. On June 30, 2020, a comprehensive measure relates to COVID-19, House Bill 4212 was signed into law on June 30, 2020, and became effective immediately on passing. The bill tolls the commencement of civil actions and ratified the Governor's executive order. Said bill provides "If the expiration of the time to commence an action or give notice of a claim falls within the time in which any declaration of a state of emergency issued by the Governor related to COVID-19, and any extension of the declaration, is in effect, or within 90 days after the declaration and any extension is no longer in effect, the expiration of the time to commence the action or give notice of the claim is extended to a date 90 days after the declaration and any extension is no longer in effect."

7. Venue is in the District of Oregon pursuant to 28 U.S.C. §1391(b) because the claim arose in this Judicial District.

### III.   PARTIES

8. Plaintiff Robert Andrade is a citizen of the United States. At all times material, Plaintiff worked for Defendants Schnitzer Steel Industries, Inc. and Cascade Steel Rolling Mills, Inc. in Yamhill County. At all times material, Plaintiff had one or more disabilities or was regarded by Defendants as having disabilities. At all times material, Plaintiff had taken protected medical leave or had sought to take protected medical leave.

9. Defendant Schnitzer Steel Industries, Inc. is an Oregon corporation. Defendant Schnitzer Steel Industries is the parent corporation to Defendant Cascade Steel Rolling Mills and provides oversight to Cascade Steel Rolling Mills its parent corporation.

PAGE 3 – COMPLAINT AND DEMAND FOR JURY TRIAL

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

10. Defendant Cascade Steel Rolling Mills, Inc. is an Oregon corporation. Said Defendant is a subsidiary of Defendant Schnitzer Steel Industries, Inc. Before July 7, 1984, Defendant Cascade Steel Rolling Mills, Inc. was known as Schnitzer Steel Mills Corp.

11. At all times material, Defendant Diana Zolotko was the Human Resources Business Manager for Defendant Cascade Steel Rolling Mills.

12. At all times relevant, Defendants' employees and supervisors were acting within the course and scope of their employment with Defendants.

## GENERAL FACTUAL ALLEGATIONS

13. Plaintiff has multiple disabilities. Plaintiff has one or more physical or mental conditions that substantially limit or impairs one or more major life activities.

14. Plaintiff is a United States Army veteran who served in a combat zone in both Iraq and Afghanistan. In 2004, Plaintiff was deployed by the Army to Iraq for eighteen months in active combat. Plaintiff was again deployed to Iraq from 2009-2010. While serving in the Army in Iraq, Plaintiff suffered repeated violent trauma. Plaintiff also later served in a combat role for the Army in Afghanistan from 2014-2015 where he also suffered trauma.

15. In spring 2006, Plaintiff went to work for Defendants at Cascade Steel Rolling Mills, also known as Cascade Steel – McMinnville Mill (CSRM), in McMinnville Oregon. Plaintiff began working as a utility worker.

16. In 2007, Plaintiff told CSRM General Foreman Cameron West that he suffers from a disability. Plaintiff asked for the accommodation of leaving work and going home when his symptoms worsened.

17. In 2010, Plaintiff reported to CSRM Human Resources representative Melody Cooper that he had a physical or mental impairment that substantially limits one or more major

PAGE 4 – COMPLAINT AND DEMAND FOR JURY TRIAL

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

life activities. Subsequently, Plaintiff told each of the CSRM Human Resources directors that he had a disability. Those included CSRM Human Resources Business Partner Teresa Smith, Human Resources Director Greg Moore, and Senior Human Resources Business Partner Diana Zolotko.

18. In 2013, Defendants promoted Plaintiff to the position of Yard Foreman. Plaintiff continued to be supervised by General Foreman Cameron West.

19. In 2015, Plaintiff spoke to both Human Resources representative Cooper and Smith about his disabilities. Plaintiff told them that he suffers from disabilities and needed accommodations. There was not an interactive meeting concerning his disabilities.

20. Toward the end of October 2015, Greg Moore was hired as the Human Resources Director for CSRM. After Moore was hired, the Manager of Supply Chain Craig Hlady, the Safety Manager Andrew "Dru" Silva, and Director Moore met the staff members of the Safety and Health Department, the Human Resources Department, and the Training Department. They explained the realignment of the departments and associated duties and responsibilities. Hlady, Moore, and Silva specifically focused on productive communication between the departments and working collaboratively. Plaintiff then told Director Moore that he has a disability and needs accommodation. Defendants did not hold an interactive meeting with Plaintiff.

21. In or about August 2018, respondents terminated Director Moore's employment. In or about September 2018, Diana Zolotko replaced Moore as the CSRM Human Resources Director.

22. In late 2018 or early 2019, Human Resources representative Cooper told Plaintiff that she heard Zolotko say that she "hates" Plaintiff. Cooper also told Plaintiff that Zolotko said that Zolotko will "get" Plaintiff.

PAGE 5 – COMPLAINT AND DEMAND FOR JURY TRIAL

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

23. In the summer of 2019, Plaintiff met with Zolotko to explain his disabilities to her. Plaintiff assumed that if he talked to her about the source of his disabilities that doing so would improve her view of him. Plaintiff told Zolotko that he had been on active duty in a combat zone in Iraq and Afghanistan. Plaintiff told Zolotko that he had service related disabilities. Plaintiff told Zolotko that because of his military service and service-connected disabilities, he was protected under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA). Plaintiff told Zolotko that he suffered from a physical or mental impairment that substantially limits one or more major life activities. Director Zolotko cut Plaintiff off and started screaming at him. Director Zolotko yelled: "Don't tell *me* what the law is."

24. On December 19, 2019, Plaintiff attended a pre-holiday foremen's meeting with General Foreman West and Transportation Manager Craig Hlady. Because Plaintiff was a member of the City Council for the City of Amity, Plaintiff had made prior arrangements with West to leave the meeting early to attend a City Council meeting. At the meeting, West gave all the foremen present that day a summer sausage from Costco for Christmas. Plaintiff received his sausage and left the meeting early to attend the City Council meeting.

25. Sometime after the December 19, 2019 meeting, Plaintiff learned that Zolotko had sent a questionnaire to every person present at the foremen's meeting, except for Plaintiff, asking about what had occurred at the meeting. Plaintiff heard through rumors that this questionnaire concerned him.

26. On January 30, 2020, Plaintiff was in West's office when another foreman, Dennis Murphy, approached Plaintiff. Murphy attempted to incite Plaintiff to become angry and engage in a physical altercation with Murphy. Murphy insulted Plaintiff, including saying in a

PAGE 6 – COMPLAINT AND DEMAND FOR JURY TRIAL

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

mocking tone and demeanor to Plaintiff: "Oh, I have PTSD, I was in war." Murphy then touched Plaintiff in an offensive manner and did not stop when Plaintiff asked Murphy not to touch him. West and another employee, Christine Miller, witnessed the incident.

27. Later on January 30, 2020, Plaintiff was called into a meeting with Zolotko, Hlady, and an unidentified security guard who was an employee of a subcontractor. Zolotko asked Plaintiff what happened in a meeting that had occurred earlier that day in West's office. Plaintiff told Zolotko that he had been physically touched by another foreman, Murphy. Plaintiff said "Dennis Murphy touched me in an offensive manner, and I asked him to stop. Mr. Murphy continued to touch me despite my request. Mr. Murphy was leaning his body against mine trying to bait me into hitting him. I told him to stop touching me. He did not stop touching me, so I pushed him away." Zolotko did not respond to Plaintiff's explanation of what happened during the January 30, 2020 meeting. Instead, Zolotko said: "You were passing around sexually explicit texts to your wife at a foremen's meeting on December 19, 2019, and you put a summer sausage to your crotch." Plaintiff told Zolotko he had not done that. Since Hlady had also attended the December 19, 2019 foremen's meeting, Plaintiff asked Hlady to tell Zolotko that he had not put a summer sausage in his crotch and had not displayed sexually explicit texts to his spouse. Hlady remained silent and did not say anything. Zolotko then told Plaintiff he was terminated and ordered him to leave CSRM premises.

28. Later, on January 30, 2020, West called Plaintiff and told him that West had been called into Hlady's office. West told Plaintiff that Hlady asked West what had happened between Plaintiff and Murphy. West told Plaintiff that he told Hlady that Murphy was leaning against Plaintiff and that Plaintiff tried to avoid any conflict with Murphy.

PAGE 7 – COMPLAINT AND DEMAND FOR JURY TRIAL

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

29.     After Plaintiff was terminated by Director Zolotko, he had no contact with Zolotko outside of two formal legal hearings in April 2020 as set forth below. In March 2020, Plaintiff received a telephone call from a City of McMinnville police officer who told him that Zolotko was claiming that Plaintiff had left a series of threatening texts and emails. The officer did not specify who were the recipients of the emails and texts that Zolotko claimed Plaintiff had sent. Plaintiff denied sending threatening texts and emails.

30.     On March 26, 2020, Plaintiff was served with a stalking order obtained by Zolotko, Yamhill County Case Number 2020-UI-05957. Plaintiff filed an objection to the stalking order and requested a court hearing. The hearing was scheduled for April 21, 2020.

31.     The first hearing was On April 17, 2020, Plaintiff attended an administrative hearing before a State of Oregon Administrative Law Judge regarding employment benefits, Case number 2020-UI-05957. Plaintiff, Zolotko, and Hlady were present at the hearing. During the hearing, Hlady testified that he attended the December 19, 2019 meeting in which West passed out summer sausages as holiday gifts. Hlady testified that he did not see any sexually explicit texts sent by Plaintiff to his spouse. Hlady also testified he did not see Plaintiff engage in any misconduct with a sausage. Diana Zolotko testified and claimed after Plaintiff's employment was terminated, Plaintiff had sent threatening texts to an unnamed Human Resources employee. On April 20, 2020, an administrative decision was issued in Plaintiff's favor finding he was not terminated for misconduct.

32.     On Tuesday, April 21, 2020, Plaintiff attended a hearing before a Yamhill County Circuit Judge concerning the stalking order that Zolotko obtained against him (Yamhill County Case Number 20SK00707). Zolotko was represented at the hearing by attorney Heather St. Clair. The hearing was concerned Plaintiff's objection to the stalking order. In advance of the hearing,

PAGE 8 – COMPLAINT AND DEMAND FOR JURY TRIAL

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Zolotko submitted a text to the Court that Plaintiff had sent to Hlady after Plaintiff was terminated by Defendant. At the hearing, Ms. Zolotko falsely claimed, without evidence, that Plaintiff was having her followed by two Hispanics. Zolotko also played a recording at the hearing of a mechanical sounding voice which she attempted to attribute to Plaintiff. Plaintiff denied all Zolotko's spurious claims. The Circuit Judge ruled in Plaintiff's favor and set aside the stalking order.

# CLAIMS AGAINST DEFENDANTS SCHNITZER STEEL AND CASCADE STEEL ROLLING MILLS

## FIRST CLAIM FOR RELIEF

**(Title I of the Americans with Disabilities Act – Discrimination – Defendants Schnitzer and CSRM)**

33. Plaintiff re-alleges all relevant paragraphs.

34. At all times material, Defendants were employers for the purpose of, and subject to, Title I of the Americans With Disabilities Act (ADA).

35. Plaintiff has an impairment which substantially limits one or more major life activities. Plaintiff has a history or record of such impairment and was regarded by Defendants as having such impairment.

36. After Plaintiff disclosed his disability to Defendants, Plaintiff requested reasonable accommodations. Defendants failed to engage in the interactive process with Plaintiff. Defendants denied Plaintiff's request for accommodations.

37. Defendants discriminated against Plaintiff as alleged above. Said discrimination was based on Defendants' failure to reasonably accommodate Plaintiff, disparate treatment, retaliation, a hostile work environment, and termination of employment.

PAGE 9 – COMPLAINT AND DEMAND FOR JURY TRIAL

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

38. At all relevant times, Plaintiff was able to perform the essential functions of his position with or without reasonable accommodations.

39. Defendants' conduct violated 42 U.S.C. § 12112.

40. As a result of Defendants' unlawful employment actions, Plaintiff suffered, and continues to suffer, humiliation, distress, and impairment of Plaintiff's personal dignity and right to be free from discrimination. Plaintiff suffered, and continues to suffer, economic damages, including, but not limited to, past and future wages, past and future benefits, and other expenses.

41. Plaintiff is entitled to equitable relief, including, but not limited to, a finding that Defendants violated the ADA. The court should enter an order finding that Defendants violated the ADA.

42. Plaintiff is entitled to recover non-economic damages sufficient to compensate him for emotional distress and other non-pecuniary losses in an amount to be proved at trial. Plaintiff should be awarded non-economic damages in an amount determined fair by a jury.

43. Plaintiff is entitled to recover economic damages for past and future wages, past and future benefits, and other expenses. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

44. Pursuant to 42 U.S.C. §§ 12117 and 2000e-5, Plaintiff is entitled to an award of attorneys' fees, expert witness fees, and costs incurred herein.

45. Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

PAGE 10 – COMPLAINT AND DEMAND FOR JURY TRIAL

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

## **SECOND CLAIM FOR RELIEF**

(Title I of the Americans with Disabilities Act – Retaliation - Defendants Schnitzer and CSRM)

46. Plaintiff re-alleges all relevant paragraphs.

47. Defendants retaliated against Plaintiff as stated above for pursuing Plaintiff's rights in accordance with the ADA. Such actions by Defendants are in violation of the ADA.

48. As a result of Defendants' unlawful employment actions, Plaintiff suffered, and continues to suffer, emotional distress.

49. Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional distress and other non-pecuniary losses in an amount to be proved at trial. Plaintiff should be awarded non-economic damages in an amount determined fair by a jury.

50. Plaintiff is entitled to equitable relief, including, but not limited to, a finding that Defendants violated the ADA.

51. Plaintiff is entitled to recover economic damages for damages for past and future wages, past and future benefits, and other expenses. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

52. Pursuant to 42 U.S.C. §§ 12117 and 2000e-5, Plaintiff is entitled to an award of attorneys' fees, expert witness fees, and costs incurred herein.

53. Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

PAGE 11 – COMPLAINT AND DEMAND FOR JURY TRIAL

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

## **THIRD CLAIM FOR RELIEF**

(Title I of the Americans with Disabilities Act – Interference - Defendants Schnitzer and CSRM)

54. Plaintiff re-alleges all relevant paragraphs.

55. Defendants interfered with Plaintiff in pursuing accommodations under the ADA. Such actions by Defendants are in violation of the ADA.

56. As a result of Defendants' unlawful employment actions, Plaintiff suffered, and continues to suffer, emotional distress.

57. Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional distress and other non-pecuniary losses in an amount to be proved at trial. Plaintiff should be awarded non-economic damages in an amount determined fair by a jury.

58. Plaintiff is entitled to equitable relief, including, but not limited to, a finding that Defendants violated the ADA.

59. Plaintiff is entitled to recover economic damages for past and future wages, past and future benefits, and other expenses. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

60. Pursuant to 42 U.S.C. §§ 12117 and 2000e-5, Plaintiff is entitled to an award of attorneys' fees, expert witness fees, and costs incurred herein.

61. Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

/////

PAGE 12 – COMPLAINT AND DEMAND FOR JURY TRIAL

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

## FOURTH CLAIM FOR RELIEF

(Family and Medical Leave Act of 1993 - 29 U.S.C. § 2601 et seq. –

Defendants Schnitzer and CSRM)

62. Plaintiff re-alleges all relevant paragraphs.

63. Defendants are "employer[s]" within the meaning of 29 U.S.C. § 2611(4).

64. Defendants employed at least 50 employees for each working day during each of 20 or more calendar work weeks in 2015, 2016, 2017, and 2018.

65. At all times material, Plaintiff was an "eligible employee" within the meaning of 29 U.S.C. § 2611(2).

66. At all times in 2015, 2016, 2017, and 2018, Defendant employed 50 or more employees with 75 miles of the worksite where Plaintiff performed work for Defendants.

67. Plaintiff was employed by Defendants for at least 1,250 hours of service during the 12-month period immediately preceding the commencement of the leave.

68. Plaintiff was employed by Defendants for more than 12 months prior to commencing leave in 2016 and 2018.

69. At all times material, Plaintiff was an "eligible employee" within the meaning of 29 U.S.C. § 2611(2). Plaintiff took medical leave protected by the Family and Medical Leave Act (FMLA).

70. At all material times, Plaintiff suffered from a serious health condition as defined by 29 U.S.C. § 2611(11).

71. Defendants interfered, discriminated and retaliated against Plaintiff for engaging in the protected activity of taking leave under the FMLA.

PAGE 13 – COMPLAINT AND DEMAND FOR JURY TRIAL

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

72.     Defendants interfered, discriminated, and retaliated against Plaintiff for taking medical leave by taking adverse employment actions against Plaintiff, including, but not limited to, demanding or persuading Plaintiff to return to work before the expiration of previously approved medical leave and terminating Plaintiff's employment.

73.     As a direct and proximate result of Defendants' interference, discrimination, and retaliation, Plaintiff has suffered lost income and will continue to suffer past and future wages, past and future benefits, and other expenses, all to Plaintiff's economic damages in an amount to be determined at trial.

74.     The court should enter an order declaring that Defendants violated the FMLA.

75.     To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

76.     Plaintiff is entitled to an award of liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A).

77.     Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to an award of attorneys' fees, expert fees, and costs incurred herein.

78.     Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## FIFTH CLAIM FOR RELIEF

(ORS 659A.103 et seq. - Oregon Rehabilitation Act - Defendants Schnitzer and CSRM)

79.     Plaintiff re-alleges all relevant paragraphs.

80.     Plaintiff is a "disabled person" as defined at ORS 659A.104(1).

81.     Defendants are "employer[s]" as defined at ORS 659A.106.

PAGE 14 – COMPLAINT AND
DEMAND FOR JURY TRIAL

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

82. After Plaintiff disclosed his disability to Defendants, Defendants began to discriminate against Plaintiff as alleged above. Said discrimination was based on Defendants' failure to reasonably accommodate Plaintiff, disparate treatment, retaliation, and a hostile work environment.

83. Defendants denied reasonable accommodations to Plaintiff. Defendants failed to engage in the interactive process with Plaintiff. Defendants terminated Plaintiff's employment.

84. Plaintiff could perform the essential functions of Plaintiff's job with Defendants with or without the reasonable accommodations.

85. Defendants' refusal to provide reasonable accommodations for Plaintiff's known disability constitutes discrimination against Plaintiff because of Plaintiff's disability pursuant to ORS 659A.103 et seq. Defendants terminated Plaintiff because of his disability.

86. As a result of Defendants' unlawful employment actions, Plaintiff suffered, and continues to suffer, emotional distress. Plaintiff suffered, and continues to suffer, economic damages, including, but not limited to, past and future wages, past and future benefits, and other expenses.

87. Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional distress and other non-pecuniary losses in an amount to be proved at trial. Plaintiff should be awarded non-economic damages in an amount determined fair by a jury.

88. Plaintiff is entitled to equitable relief, including, but not limited to, a finding that Defendants violated the Oregon Rehabilitation Act.

89. Plaintiff is entitled to economic damages for past and future wages, past and future benefits, and other expenses. To the extent any amount awarded to Plaintiff is for damages

PAGE 15 – COMPLAINT AND DEMAND FOR JURY TRIAL

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

90. Pursuant to ORS Chapter 659A and ORS 20.107, Plaintiff is entitled to recover Plaintiff's reasonable attorneys' fees and costs, including expert witness fees.

91. Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## SIXTH CLAIM FOR RELIEF

(Wrongful Termination - Defendants Schnitzer and CSRM)

92. Plaintiff re-alleges all prior relevant paragraphs as if fully set forth herein.

93. Defendants' conduct, as alleged, was in retaliation for Plaintiff assertion of Plaintiff's state and federally protected rights to work in an environment free from discrimination, harassment, and otherwise hostile work environments, and as such constitutes a wrongful discharge under state common law.

94. Plaintiff's remedies under state and federal statutory law do not constitute a complete remedy for the damage Defendants have inflicted.

95. As a result, Plaintiff suffered, and continues to suffer, damages and is entitled to the damages and other relief set forth below.

## CLAIMS AGAINST DEFENDANT ZOLOTKO

## SEVENTH CLAIM FOR RELIEF

(Aiding and Abetting Discrimination – Defendant Zolotko)

96. Plaintiff re-alleges all prior paragraphs.

97. Defendant Zolotko aided, abetted, incited, compelled or coerced Defendants Schnitzer Steel and Cascade Steel Rolling Mills in their discrimination and retaliation against

PAGE 16 – COMPLAINT AND DEMAND FOR JURY TRIAL

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Plaintiff, terminating his employment and by pursuing a false civil claim. Defendant Zolotko's actions violated ORS 659A.030(1)(g) and are an unlawful employment practice.

98. As a result of Defendant Zolotko's conduct, Plaintiff suffered, and continues to suffer, non-economic and economic damages. Plaintiff is entitled to the relief, damages, attorneys' fees, costs, and interest as alleged below.

### EIGHTH CLAIM FOR RELIEF

(Abuse of Civil Process – Defendant Zolotko)

99. Plaintiff re-alleges all relevant paragraphs above as though fully restated herein and further alleges:

100. Defendant Zolotko commenced a judicial proceeding against Plaintiff by applying for a stalking order against Plaintiff in bad faith.

101. The judicial proceeding filed by Defendant Zolotko was resolved in Plaintiff's favor and Zolotko's stalking order was dismissed.

102. Defendant Zolotko initiated the judicial proceeding without probable cause to prosecute the action. Defendant Zolotko acted with malice. Her primary purpose in obtaining a restraining order against Plaintiff was motivated by her intent to further discriminate against Plaintiff, whom she had terminated, as an employee of Defendants Schnitzer Steel and Cascade Steel Rolling Mill.

103. Plaintiff was damaged. Plaintiff suffered non-economic damages due to the distress over the stalking order.

104. As a result of Defendant Zolotko's abuse of civil proceedings, Plaintiff suffered, and continues to suffer, humiliation, anxiety, distress, and impairment of Plaintiff's personal dignity.

PAGE 17 – COMPLAINT AND DEMAND FOR JURY TRIAL

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

105.   To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

106.   Pursuant to ORS 20.107, Plaintiff is entitled to recover his reasonable attorneys' fees and costs, including expert witness fees.

107.   Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

### PRAYER FOR RELIEF

Plaintiff prays for the following judgment against Defendants, jointly and severally:

A.   A sum which will fully compensate Plaintiff for his non-economic damages in a sum that is just as determined by a jury;

B.   A sum which will fully compensate Plaintiff for Plaintiff's economic damages in a sum that is just as determined by a jury;

C.   Equitable relief;

D.   Liquidated damages for medical leave interference;

E.   Plaintiff's costs and disbursements incurred herein;

F.   Plaintiff's attorney fees; and

G.   For such other and further relief as the Court may deem just and equitable.

**Plaintiff demands a trial by Jury.**

Dated: June 7, 2021.

**Law Offices of Daniel Snyder**

*/s/ Daniel Snyder*
Daniel Snyder, OSB No. 783856
dansnyder@lawofficeofdanielsnyder.com
Carl Post, OSB No. 06105
carlpost@lawofficeofdanielsnyder.com

PAGE 18 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

                                          John David Burgess, OSB 106498
                                          johnburgess@lawofficeofdanielsnyder.com
                                          Tel: (503) 241-3617 / Fax: (503) 241-2249
                                          Of Attorneys for Plaintiff

PAGE 19 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249