IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT ANDRADE,

           Plaintiff,

    v.

SCHNITZER STEEL INDUSTRIES, INC., an Oregon corporation, CASCADE STEEL ROLLING MILLS, INC., an Oregon corporation, and DIANA ZOLOTKO, an individual,

           Defendants.

No. 3:21-cv-00860

OPINION & ORDER

Carl Lee Post
John D. Burgess
Daniel J. Snyder
Law Offices of Daniel Snyder
1000 S.W. Broadway
Suite 2400
Portland, OR 97205

    Attorneys for Plaintiff

1 – OPINION & ORDER

Edwin A. Harnden
Kyle T. Abraham
Chris M. Morgan
Barran Liebman LLP
601 S.W. 2nd Ave.
Suite 2300
Portland, OR 97204

      Attorneys for Defendants

HERNÁNDEZ, District Judge:

      Plaintiff Robert Andrade alleges that Defendants Schnitzer Steel Industries, Inc., Cascade Steel Rolling Mills, Inc., and Diana Zolotko violated his rights under the Americans with Disabilities Act and Oregon state law. Defendants seek to dismiss his claims as untimely and for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## BACKGROUND

      Plaintiff has disabilities related to his service in the United States Army. First Amended Complaint ¶¶ 14, 23, ECF 10. A veteran of both Iraq and Afghanistan, Plaintiff suffered repeated violent trauma and a brain injury. Am. Compl. ¶¶ 14, 23.

      Plaintiff started working for Defendant Cascade Steel in 2006 as a utility worker. Am. Compl. ¶ 15. Between his hiring in 2006 and his promotion to yard foreman in 2013, Plaintiff repeatedly informed his supervisor and several HR representatives of his disabilities. Am. Compl. ¶¶ 16–18. In 2015, Plaintiff requested an accommodation for his disabilities, but no follow-up meeting was scheduled. Am. Compl. ¶ 20.

      In 2018, Defendant Zolotko was hired as Defendant Cascade Steel's HR director. Am. Compl. ¶ 21. Not long after, another HR representative told Plaintiff that Defendant Zolotko "hate[d]" Plaintiff and that she would "get" him. Am. Compl. ¶ 22. In summer 2019, Plaintiff

met with Defendant Zolotko to explain his disabilities to her and "improve her view of him"; according to Plaintiff, he was unable to discuss accommodations with Zolotko because she began screaming at him and cut him off. Am. Compl. ¶ 23. Sometime later, Plaintiff made an internal complaint regarding Defendant Zolotko's behavior. *See* Am. Compl. ¶ 24–27. It went nowhere—despite Plaintiff's attempt to escalate the issue to senior company leadership. *See* Am. Compl. ¶ 24–27.

On December 19, 2019, Plaintiff attended a holiday meeting where he was gifted a summer sausage. Am. Compl. ¶ 28. After that meeting, Plaintiff alleges that Zolotko solicited information from the meeting's attendees via a questionnaire—a questionnaire that focused on Plaintiff's conduct at the meeting but was not sent to Plaintiff himself. Am. Compl. ¶ 29.

Just over a month later, on January 30, 2020, a fellow foreman attempted to start a fight with Plaintiff by mocking Plaintiff and encroaching on Plaintiff's personal space. Am. Compl. ¶ 30. That same day, Defendant Zolotko summoned Plaintiff into her office and inquired about the altercation. Am. Compl. ¶ 31. Plaintiff alleges that after he explained the incident Zolotko changed the subject, focusing instead on Plaintiff's conduct at the holiday meeting. Am. Compl. ¶ 31. Zolotko accused Plaintiff of "passing around sexually explicit texts to [his] wife . . . and . . . put[ting] a summer sausage to [his] crotch." Am. Compl. ¶ 31 Plaintiff denied the accusation; Defendant Zolotko fired him anyway. Am. Compl. ¶ 31.

In March 2020, Plaintiff was served with a stalking order obtained by Defendant Zolotko. Am. Compl. ¶ 34. He objected and requested a hearing. Am. Compl. ¶ 34. At the hearing, the circuit court set aside the stalking order, disregarding Zolotko's allegations that Plaintiff left her a threating voicemail and had her followed. Am. Compl. ¶ 36.

Meanwhile, around the same time, Plaintiff attended an administrative hearing regarding unemployment benefits. Am. Compl. ¶ 35. The administrative law judge found that he was not terminated for misconduct despite Defendant Zolotko's testimony to the contrary. Am. Compl. ¶ 35.

On September 3, 2020, Plaintiff filed an administrative complaint with the Oregon Bureau of Labor and Industries ("BOLI"). Am. Compl. ¶ 4.[1] BOLI subsequently filed a charge with the U.S. Equal Opportunity Commission ("EEOC'). Am. Compl. ¶ 4. In April 2021, BOLI and the EEOC issued Plaintiff notices of his right to file a civil suit. A few months later, on June 7, Plaintiff filed his complaint with this Court. Defendants moved to dismiss; Plaintiff amended. His Amended Complaint alleges six disability-related claims under the ADA and Oregon state law and one claim for abuse of process under Oregon law. Defendants again moved to dismiss, arguing that Plaintiffs claims should be dismissed as untimely and for failing to state a claim under FRCP 12(b)(6).

## STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief"

---

[1]The Amended Complaint alleges an incorrect filing date, December 23, 2020. In their briefing, the parties agree that correct date is September 3, 2020. Def.'s Mot. to Dismiss 5; Pl.'s Resp. 5–6.

with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* (citations and footnote omitted).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679.

## DISCUSSION

Even viewing the well-pleaded allegations in the light most favorable to Plaintiff, he fails to plausibly allege any viable claims. His disability-discrimination claims, claims one through six, fail because he fails to plausibly allege that any adverse action occurred *on the basis of his disabilities*. Indeed, the Court struggled to discern the Defendants' conduct that serves as the basis for Plaintiff's claims. For example, although he states that Defendants' discrimination was "based on Defendants' disparate treatment, retaliation, a hostile work environment, and termination of employment," Plaintiff does not allege that non-disabled co-workers were treated differently, that a discriminatory reason motivated Defendants' actions, or that the Defendants took certain adverse actions after he attempted to assert his rights. *See, e.g.*, *Pac. Shores Props.,*

*LLC v. City of Newport Beach*, 730 F.3d 1142, 1158 (9th Cir. 2013) (discussing disparate treatment claims); *T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 473 (9th Cir. 2015) (discussing retaliation claims). Indeed, Plaintiff does not even plainly allege that Defendants were aware he needed an accommodation and concedes that he never discussed accommodations with Defendant Zolotko. Compl. ¶ 23; *see also Dunlap v. Liberty Nat. Prod., Inc.*, 878 F.3d 794, 798 (9th Cir. 2017) (discussing failure to accommodate claims). Instead, he alleges that he explained his disabilities to Zolotko "to improve her view of him." Compl. ¶ 23. Overall, the Amended Complaint recites the elements of various claims and other legal conclusions with minimal well-pleaded factual allegations in support. *See Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017) (explaining that mere legal conclusions are not entitled to the assumption of truth). Put simply, it does not present a plausible claim for relief.

Plaintiff's failure to plausibly plead his claims presents a special problem here because that failure prevents the Court from determining whether his claims are timely. "An individual plaintiff must first file a timely EEOC complaint against the allegedly discriminatory party before bringing an ADA suit in federal court." *Josephs v. Pac. Bell*, 443 F.3d 1050, 1061 (9th Cir. 2006). Because Plaintiff initiated his proceedings with BOLI, he had to file his administrative complaint within 300 days of the alleged unlawful practice. *See id.*; *see also* 42 U.S.C. § 2000e-5(e)(1). The only adverse action Plaintiff alleged that appears to fall within that timeframe is his termination—but Plaintiff does not plausibly connect his termination to his disabilities.[2] Instead, his allegations imply that Defendants fired him because they believed that

---

[2]But the Court need not, and does not, definitively determine whether Plaintiff's claims are timely. If Plaintiff choses to amend his complaint, Defendants' are free to renew their argument that his claims are untimely.

he acted inappropriately during the holiday meeting and because of his altercation with another foreman. *See* Am. Compl. ¶ 31. Taking Plaintiff's well-plead allegations as true, he fails to allege that the real reason for his termination was his disability or another protected ground. Besides his termination, if there are other unlawful actions that fall within the 300-day limit for ADA claims or the one-year limit for his Oregon-law claim, the Amended Complaint does not plausibly allege or identify them. Although the Court must draw all reasonable inferences in Plaintiff's favor, the Court is not required to "piece together a theory of liability from a string of unrelated…assertions." *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 859 (9th Cir. 2011).

As for his final claim, abuse of process, Plaintiff fails to allege that Defendant Zoltoko's actions satisfy that claim's requirements. His allegations here are especially conclusory and little more than a threadbare recitation of the claim's elements. *See* Am. Compl. ¶ 87–94. Plaintiff does not allege that she had an ulterior purpose, unrelated to the process, in initiating the proceeding. *Pfaendler v. Bruce*, 195 Or. App. 561, 572, 98 P.3d 1146, 1152 (2004) (requiring an ulterior purpose). To the contrary, his allegations state that Zolotko testified she sought a stalking order because she believed Plaintiff was having her followed—the quintessential, legitimate use of the stalking-order process. Plaintiff's failure to plead factual allegations supporting this element prevents "the [C]ourt [from] draw[ing] a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## CONCLUSION

Although the Court will not string together Plaintiff's allegations into a well-pleaded complaint on his behalf, the Court cannot say that the presented allegations are incapable of being developed into a cognizable complaint and leave is freely given. Fed. R. Civ. P. 15(a)(2).

Thus, the Court GRANTS Defendants' motion to dismiss [11] and grants Plaintiff leave to amend. If Plaintiff chooses to file an second amended complaint, he must do so within 30 days of this opinion and order. The Court cautions, however, that it will be unlikely to allow further amendment and that, should Plaintiff choose to amend, he should carefully draft his amended complaint to ensure his claims are clearly articulated and well supported.

IT IS SO ORDERED.

DATED:__November 16, 2021___.

_____
MARCO A. HERNÁNDEZ
United States District Judge