IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT ANDRADE,

        Plaintiff,

v.

SCHNITZER STEEL INDUSTRIES, INC.,
an Oregon Corporation; CASCADE STEEL
ROLLING MILLS, INC., an Oregon
Corporation, and DIANA ZOLOTKO,

        Defendants.

No. 3:21-cv-00860-HZ

OPINION & ORDER

Daniel Snyder
Carl Post
John Burgess
Law Offices of Daniel Snyder
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205

    Attorneys for Plaintiff

Edward Harnden
Chris Morgan
Alysha Phelps
Barran Liebman LLP
601 S.W. Second Ave., Suite 2300
Portland, Oregon 97204-3159

    Attorneys for Defendants

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

This matter comes before the Court on Plaintiff's Rule 15(a) Motion to Amend Complaint. ECF 38. For the reasons that follow, the Court denies Plaintiff's Motion.

## BACKGROUND

On June 6, 2021, Plaintiff Robert Andrade filed a Complaint in this Court against Schnitzer Steel Industries ("Schnitzer"); Cascade Steel Rolling Mills, Inc. ("CSRM"); and Diana Zolotko asserting claims for discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, against Schnitzer and CSRM; retaliation in violation of the ADA against Schnitzer and CSRM; interference in violation of the ADA against Schnitzer and CSRM; violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, against Schnitzer and CSRM; violation of the Oregon Rehabilitation Act, Oregon Revised Statute § 659A.103, *et seq.*, against Schnitzer and CSRM; wrongful termination against Schnitzer and CSRM; aiding and abetting discrimination against Zolotko; and abuse of civil process against Zolotko.

On July 2, 2021, Defendants filed a Motion to Dismiss Plaintiff's Complaint for failure to state a claim. On July 7, 2021, Plaintiff filed an Amended Complaint adding further factual allegations in support of his claims. On November 16, 2021, the Court granted Defendants' Motion to Dismiss and granted Plaintiff leave to file a Second Amended Complaint. The Court, however, cautioned Plaintiff that "it will be unlikely to allow further amendment." O&O, ECF 20, at 8.

On December 16, 2021, Plaintiff filed a Second Amended Complaint in which he alleged claims for discrimination and retaliation in violation of the ADA against Schnitzer and CSRM,

violation of the Oregon Rehabilitation Act against Schnitzer and CSRM, and aiding and abetting discrimination against Zolotko.

On September 15, 2022, the Court held a Rule 16 conference in which it set a deadline of October 14, 2022, to amend pleadings. Plaintiff did not file any amended pleadings by October 14, 2022.

On February 14, 2023, Plaintiff filed a Rule 15 Motion to Amend Complaint. Defendants oppose the Motion. The Court took the matter under advisement on March 3, 2023.

## STANDARDS

**I.    Rule 15(a)**

Federal Rule of Civil Procedure 15(a)(2) provides a party may amend a pleading after a responsive pleading has been filed only by leave of court unless the opposing party consents to the amendment. Rule 15(a) provides leave to amend "shall be freely given when justice so requires." This is an extremely liberal standard. *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court [.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Supreme Court has recognized several factors that a district court should consider when determining whether justice requires the court to grant leave to amend pursuant to Rule 15 including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)(quotation omitted).

3 – OPINION & ORDER

**II.     Rule 16**

When a motion for leave to amend is filed after entry of a Rule 16 scheduling order, the standards of Federal Rule of Civil Procedure 16 control. *See Cortez v. Chipotle Mexican Grill, Inc.*, No. 19-56354, 2021 WL 3214765, at *1 (9th Cir. July 29, 2021)("[W]hen a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has expired" Rule 16 governs the analysis). Under Rule 16 "'[a] schedule may be modified only for good cause and with the judge's consent.'" *Cortez*, 2021 WL 3214765, at *1 (quoting Fed. R. Civ. P. 16(b)(4)). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s good cause standard 'primarily considers the diligence of the party seeking the amendment.'" *E.C. v. Lincoln Mil. Prop. Mgmt. LP*, No. 21-CV-2070 JLS (BLM), 2023 WL 2292578, at *2 (S.D. Cal. Feb. 28, 2023)(quoting *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992)). *See also In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013)("While a court may take into account any prejudice to the party opposing modification of the scheduling order, the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification . . . [i]f that party was not diligent, the inquiry should end.")(quotation omitted).

"Newly discovered facts can constitute good cause to modify a scheduling order." *Thompson v. KC Care*, LLC, No. 3:18-CV-00363-YY, 2019 WL 3210088, at *2 (D. Or. June 17, 2019), report and recommendation adopted, No. 3:18-CV-0363-YY, 2019 WL 3206841 (D. Or. July 15, 2019). "[N]ew information alone[, however,] is not good cause for modifying a scheduling order. A party must also show diligence in seeking amendment of the scheduling order." *Id*. "If the party seeking the modification 'was not diligent, the inquiry should end' and

the motion to modify should not be granted." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)(quoting *Johnson*, 975 F.2d at 609)). The focus of the diligence inquiry is on the time between the moving party's discovery of new facts and when it asks the court for leave to file an amended pleading. *Zivkovic,* 302 F.3d at 1087-88.

If a party shows good cause under Rule 16, the party must then "demonstrate that amendment was [also] proper under Rule 15.'" *Rouse v. Abernethy,* No. 21-CV-05708-JSC, 2022 WL 17072013, at *3 (N.D. Cal. Nov. 17, 2022)(quoting *Johnson*, 975 F.2d at 608).

## DISCUSSION

Plaintiff moves to file a third amended complaint pursuant to Rule 15(a)(2) to add allegations that Plaintiff suffers from hearing loss and tinnitus in addition to post-traumatic stress disorder and traumatic brain injury and to add a claim for violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301, *et seq.*

Defendants assert Rule 16 applies to Plaintiff's motion and oppose Plaintiff's Motion on the basis that Plaintiff has not established he was diligent in seeking to file a third amended complaint.

**I.     Standard of Review**

At the September 15, 2022, Rule 16 conference the Court set an October 14, 2022 deadline to file any amended pleadings. Plaintiff's February 14, 2023, motion for leave to file a third amended complaint is, therefore, governed by Rule 16, which requires Plaintiff to establish good cause to file a third amended complaint. As noted, good cause in the context of Rule 16 "considers the diligence of the party seeking the amendment." *E.C.*, 2023 WL 2292578, at *2.

## II. Analysis

### A. Hearing Loss and Tinnitus

Plaintiff seeks to amend his complaint for a third time to add allegations that he has hearing loss and tinnitus that impair the major life activity of hearing. Snyder Decl., Ex. E, ¶ 13. Plaintiff, however, does not address why he was unable to include allegations of hearing loss and tinnitus in any of his three complaints filed to date. Plaintiff also does not indicate that he was unaware of his hearing loss or tinnitus before the October 14, 2022, deadline to file an amended pleading. Under similar circumstances courts have denied plaintiffs leave to amend. *See, e.g., Lang v. Oregon Shakespeare Festival Ass'n*, No. 1:12-CV-01844-CL, 2015 WL 5023060, at *3 (D. Or. Aug. 24, 2015)(denying plaintiff's motion for leave to amend pursuant to Rule 16 on the basis that "Plaintiff did not include his current proposed amendments" in two prior amended complaints and did not "indicate that he was unaware of the information regarding his shoulder limitation before the deadline" to file an amended pleading); *Toutov v. Curative Labs Inc.*, No. 220CV11284ODWASX, 2022 WL 17477125, at *2 (C.D. Cal. Dec. 6, 2022)("The good cause standard typically will not be met whe[n] the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action."). The Court concludes on this record that Plaintiff has not established good cause to file a third amended complaint to include allegations of tinnitus and hearing loss.

### B. USERRA

Plaintiff seeks leave to file a third amended complaint to add a claim for violation of § 4311(b)(1) of USERRA, which provides: "An employer may not discriminate in employment against or take any adverse employment action against any person because such person . . . has taken an action to enforce a protection afforded any person under this chapter."

Plaintiff asserts he did not unduly delay in seeking to file a third amended complaint to add a USERRA claim because "counsel could not have known that Zolotko knew that Plaintiff had complained about her not complying with USERRA" until after the January 12, 2023 deposition of Craig Hlady and the February 2, 2023 deposition of Callie Pappas. Pl.'s Motion at 2, ECF 38.

Defendants oppose Plaintiff's request on the grounds that (1) the record shows that Plaintiff's counsel was aware of the circumstances supporting a plausible claim under USERRA for years prior to seeking this amendment; (2) Plaintiff's counsel failed to either timely seek discovery or follow up on existing discovery requests which would have ascertained the information he now alleges justifies the amendment; (3) Plaintiff's counsel was not diligent in seeking leave to file a third amended complaint after informing the Court of an intention to do so; and (4) allowing amendment at this juncture would prejudice Defendants and disrupt other operative deadlines, including the deadline for filing of dispositive motions.

In a May 6, 2020 letter, United States Department of Labor Assistant Investigator Eddie Abrams informed Defendant Schnitzer Steel's general counsel that Plaintiff had alleged he was

> retaliated against for attempting to enforce his USERRA rights. Specifically, [Plaintiff] contends that he was terminated (on January 30, 2020) in part for trying to explain to HR manager Diana Zolotko, what his USERRA rights were relating to his pay for the time he was deployed to Iraq in 2009 and to Afghanistan in 2014.

Morgan Decl., ECF 41, Ex. 1 at 1-2. Plaintiff was copied on this letter. *Id.* at 3. Similarly, in his December 11, 2020, complaint to the Oregon Bureau of Labor and Industries ("BOLI"), which was drafted by Plaintiff's counsel, Plaintiff alleged he suffered "employment discrimination and retaliation on the basis of disability." Morgan Decl., Ex. 4, at 6. Plaintiff alleged, in pertinent part:

7 – OPINION & ORDER

> In the summer of 2019, I told Diana Zolotko that I had been in Afghanistan and that I was protected under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA). I told her that I suffered from a physical or mental impairment that substantially limits one or more major life activities. Ms. Zolotko cut me off and started screaming at me. She said: "don't tell me what the law is."

*Id.* at 7-8, ¶ 13. Plaintiff alleged he was terminated on January 30, 2020, by Zolotko. *Id.* at 8, ¶ 17.

In addition, in Plaintiff's First Amended Complaint filed July 7, 2021, Plaintiff alleged he "told Zolotko that because of his military service and service-connected disabilities, he was protected under" USERRA. Am. Compl., ECF 10, ¶ 23. Zolotko, however, "cut Plaintiff off and started screaming at him." *Id.* Plaintiff alleged he made a complaint about Zolotko through Defendants' online tool for reporting complaints to human resources. *Id.* ¶ 24. Plaintiff further alleged that on October 14, 2019, he discussed his ethics complaint with Callie Pappas, who told Plaintiff that "Zolotko would know that Plaintiff made any Ethics complaint about her." *Id.* ¶ 27. Plaintiff told Pappas that Zolotko had a reputation for being vindictive and he "asked Pappas to make sure that he was not subjected to retaliation by Zolotko." *Id.* In Plaintiff's Second Amended Complaint filed December 16, 2021, he expanded on these allegations:

> In the summer of 2019, Plaintiff met with Defendant Zolotko to discuss his disability and to request [USERRA] benefits to cover wages missed for military service. . . . Before Plaintiff could fully discuss his disabilities and request accommodations, Director Zolotko cut Plaintiff off and started screaming at him. . . . Plaintiff reported through the Ethics Point system that when he tried talking to Zolotko about his disability, she screamed at him and cut him off. Zolotko's conduct was in retaliation for Plaintiff attempting to exercise his statutory rights. . . . Defendant Zolotko's allegations against Plaintiff were false and created to terminate Plaintiff's employment because of his disability, because he invoked his statutory rights, and because he reported discrimination and retaliation by defendant Zolotko.

8 – OPINION & ORDER

Second Am. Compl., ECF 21, ¶¶ 23, 24, 32. Plaintiff again alleged that on October 14, 2019, he discussed with Pappas his interactions with Zolotko, that he had made an ethics complaint against Zolotko, that Zolotko would know Plaintiff had made an ethics complaint against Zolotko, and that Plaintiff asked Pappas to make sure Plaintiff was not subjected to retaliation by Zolotko. *Id.* ¶ 27.

It is clear on this record that Plaintiff was aware that Zolotko would know that Plaintiff had complained about his interaction with her regarding USERRA benefits and his disabilities as early as October 14, 2019, when he met with Pappas. It is also clear that Plaintiff's counsel was aware of that fact no later than July 7, 2021, when the allegations regarding Plaintiff's meeting with Pappas were included in Plaintiff's First Amended Compliant. Plaintiff, however, failed to include any claim for USERRA in his First or Second Amended Complaints nor did he request leave to include such a claim for almost two years after the pertinent facts were alleged in his First Amended Complaint.

In addition, notwithstanding the fact that Plaintiff's counsel was aware no later than July 7, 2021, that Plaintiff was told that Zolotko would be informed about Plaintiff's ethics complaint, counsel failed to pursue discovery or follow up on existing discovery requests that could have clarified the information that Plaintiff now asserts justify amending the Second Amended Complaint to add a USERRA claim.

Finally, Defendants point out that Plaintiff informed the Court at the January 18, 2023, status conference that Plaintiff might file a third amended complaint. The Court advised Plaintiff that he would have to file a motion for leave to do so. Plaintiff, however, did not file his Motion to Amend Complaint until February 14, 2023, almost a month after the conference and three days before the close of discovery.

The Ninth Circuit has held that the good cause standard of Rule 16 is more stringent than the liberal amendment standard under Rule 15. *See AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006)("Put simply, the party could not appeal to the liberal amendment procedures afforded by Rule 15; his tardy motion had to satisfy the *more stringent* "good cause" showing required under Rule 16.")(emphasis in original). Courts, therefore, have held that waiting two months after discovery of new facts to file a motion for leave to amend did not constitute diligence under Rule 16. *See, e.g., Sako v. Wells Fargo Bank, Nat. Assoc.*, No. 14cv1034–GPC(JMA), 2015 WL 5022326, at *2 (S.D. Cal. Aug. 24, 2015) (delay of two months after discovering new facts to file motion to amend did not constitute diligence under Rule 16); *Experexchange, Inc. v. Doculex, Inc*., No. C-08-3875 JCS, 2009 WL 3837275, at *29 (N.D. Cal. Nov. 16, 2009)(delay of two months after discovering new facts to file motion to amend and after fully briefed summary judgment motion did not meet the good cause standard under Rule 16). Similarly, the Ninth Circuit found that waiting one month to inform the opposing party of the intent to seek leave to amend after learning of facts from a witness' deposition did not constitute diligence under Rule 16. *Schwerdt v. Int'l Fidelity Ins. Co*., 28 F. App'x. 715, 719 (9th Cir. 2002).

The Court concludes on this record that Plaintiff was not diligent in filing his Motion to Amend and, therefore, he has not shown good cause for either failing to adhere to the Court's scheduling order or to modify the scheduling order pursuant to Rule 16. Accordingly, the Court denies Plaintiff's Motion to Amend.

10 – OPINION & ORDER

## CONCLUSION

For these reasons, the Court DENIES Plaintiff's Rule 15(a) Motion to Amend Complaint. ECF 38.

IT IS SO ORDERED.

DATED: __March 30, 2023__

_____
MARCO A. HERNÁNDEZ
United States District Judge

11 – OPINION & ORDER